**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KAREEM ALLEN,

          Plaintiff,

      v.

VICTORIA KUHN, et al.,

          Defendants.

Civil Action No. 25-3322 (MAS) (JBD)

**OPINION**

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Kareem Allen's complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, Plaintiff shall be granted *in forma pauperis* status. Because Plaintiff shall be granted *in forma pauperis* status in this matter, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

I.     **BACKGROUND**

      In his complaint, Plaintiff alleges that, in late January 2025, Defendant E. Marin Depascual filed a "false" disciplinary charge against him, resulting in Plaintiff being transferred to a restricted housing unit within Northern State Prison. (ECF No. 1 at 5-6.) Plaintiff remained there until March 3, 2025, when this disciplinary charge was "dismissed." (*Id.*) Plaintiff contends that his

placement in this unit violated his rights because the restrictive housing unit limited his access to "medical attention, a shower, food, clean air, and [Plaintiff's] religious beliefs." (*Id.*) Plaintiff does not provide details regarding how his access to these things was limited, nor does he detail what, if any, religious beliefs he observes. (*Id.*) Plaintiff does allege, however, that while in the restrictive housing unit, he was placed in a cell with a prisoner who had the flu, and that he contracted the illness. (*Id.*)

## II.  **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell*

2

*Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    **DISCUSSION**

In his complaint, Plaintiff alleges that he was subjected to placement in a restrictive housing unit based on false disciplinary charges, and that the three named Defendants – the officer who charged him, the Administrator of the prison in which Plaintiff is detained, and the commissioner of the NJ Department of Corrections – should be liable for alleged violations of his rights. "[T]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights," and a prisoner's rights will instead be violated only where he is denied Due Process in relation to those charges. *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Although Plaintiff alleges that the charges against him were false, he also states they were ultimately dismissed and does not allege that he was denied Due Process in relation to those

charges. Plaintiff's false disciplinary charge claims must therefore be dismissed without prejudice as to all three named Defendants.

Plaintiff also seeks to raise an Eighth Amendment conditions of confinement claim related to his placement in a restrictive housing unit in connection to those charges. The placement of an inmate in restrictive housing – up to and including solitary confinement – for a brief period of just over a month pending the resolution of institutional charges, however, does not amount to a constitutional violation. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 485-86 (1995). Because the Eighth Amendment does not mandate comfortable prisons, a conditions of confinement claim raised by a convicted prisoner such as Plaintiff may only proceed where the plaintiff alleges sufficient facts to indicate that he has been deprived of "the minimal civilized measure of life's necessities" in light of the conditions of his confinement. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted, quoting *Rhodes v. Chapman*, 452 U.S 337 (1981)); *see also Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014). An Eighth Amendment conditions of confinement claim thus has two elements. A plaintiff must first allege facts which would show that the conditions under which he was housed objectively denied him the minimal civilized measure of life's necessities. A plaintiff must also allege facts indicating that each defendant subjectively had a sufficiently culpable state of mind insomuch as they acted with deliberate indifference to the challenged conditions. *Wilson*, 501 U.S. at 298-303; *Watson*, 567 F. App'x at 79; *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012).

Here, Plaintiff provides only bald allegations that he was denied sufficient access to medical care, showers, food, and religious services. He does not allege how his food and medical access were restricted, nor how long he was denied access to showers. Plaintiff also does not detail in what way any sincerely held religious beliefs he professes were impugned. That Plaintiff was

placed with another inmate and contracted the flu, without more, is not sufficiently serious to indicate that Plaintiff was denied the minimal civilized measure of life's necessities. Thus, without more detailed allegations addressing how Plaintiff's conditions for the month he was in restrictive custody denied Plaintiff the minimal acceptable standards of prison life, Plaintiff's conditions of confinement claims fail to state a plausible basis for relief.

Even had Plaintiff better alleged the conditions under which he was housed, however, Plaintiff also fails to allege facts indicating that any of the three named Defendants were in any way directly involved with Plaintiff's conditions during his placement in restricted custody. Although Plaintiff alleges that Depascual wrote the charges that led to his placement, he does not allege that Depascual made the transfer decision, that he had any knowledge of the conditions Plaintiff experienced during his month in restrictive housing, or that Depascual had any ability to alleviate those conditions. Plaintiff, accordingly, does not allege facts permitting an inference of deliberate indifference on Depascual's part.

Plaintiff connects the remaining two Defendants – the prison administrator and DOC commissioner – solely through their supervisory and training capacities, and does not allege they were directly involved in any of the alleged wrongs. A supervisory defendant in a civil rights matter, however, may not be held vicariously liable for the wrongs of his subordinates, and instead may only be held liable for his personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Here, Plaintiff does not allege any facts indicating any personal involvement by the two supervisory Defendants, and thus fails to allege facts sufficient to show they knew of or were indifferent to any of the conditions he suffered. Plaintiff thus fails to state a claim upon which relief may be granted as to those Defendants as to his conditions of confinement claims.

Finally, Plaintiff seeks to raise a claim under the Religious Land Use and Incarcerated Persons Act ("RLUIPA") for alleged religious deprivations during his stay in restrictive housing. In order to plead a claim under RLUIPA, a prisoner must allege facts which, at a minimum indicate that Plaintiff has sincerely held religious beliefs, and that those beliefs were restricted by prison officials. *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 356-57 (2015). Although Plaintiff alleges that placement in restrictive custody inhibited religious observance, he does not allege what, if any, sincerely held religious beliefs he professes. Plaintiff also does not allege any facts indicating how those beliefs were impugned by placement in restrictive housing. Plaintiff thus fails to state a plausible claim for relief under RLUIPA.

Even had Plaintiff pled sufficient facts to support a claim under RLUIPA, the Court notes that Plaintiff seeks only monetary damages in his suit and is no longer subject to the restrictive conditions he sought to challenge. RLUIPA does not permit a claim for money damages. Instead, RLUIPA only provides for injunctive relief to address religiously restrictive prison conditions. *See, e.g., Banks v. Sec'y Pa. Dep't of Corr.*, 601 F. App'x 101, 103-04 (3d Cir. 2015). Indeed, a claim under the statute will become moot once a prisoner has been removed from the unit in which the challenged restrictions applied as the injunctive or declaratory relief available under the statute will no longer be able to provide the prisoner with meaningful relief. *Id.* As Plaintiff only seeks relief not available under RLUIPA – money damages – and Plaintiff's claim would otherwise be moot as he has been transferred out of the restrictive housing unit in question, Plaintiff's RLUIPA claim must be dismissed for these reasons as well. Because all of Plaintiff's claims fail to state a plausible claim for relief, his complaint shall be dismissed without prejudice in its entirety at this time for failure to state a claim upon which relief may be granted.

IV.    <u>**CONCLUSION**</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.  Plaintiff shall be granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE